# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LAURA HITCHCOCK,

                Plaintiff,

vs.

JO ANNE BARNHART, Commissioner, Social Security Administration

                Defendant.

Case No. 2:05-CV-00749-RLH-GWF

**AMENDED**
**FINDINGS & RECOMMENDATIONS**

This matter is before the Court on Plaintiff's Motion for Reversal of the Commissioner's Decision (#9), filed on August 25, 2006 and Defendant's Cross-Motion for Affirmance of the Commissioner's Decision and in Opposition to Plaintiff's Motion for Reversal (#13), filed on November 1, 2006.

## **BACKGROUND**

In this action, Plaintiff appeals the decision by the Commissioner of the Social Security Administration ("SSA"), Jo Anne Barnhart, which denied Plaintiff certain disability insurance benefits.

Plaintiff is a 50-year-old individual with a high school education. (Tr. 15). Plaintiff became disabled on April 26, 2001, due to back problems and depression. *Id.* On October 15, 2001, Plaintiff filed an application for Disability Insurance Benefits. *Id.* The application was denied both on initial review and on reconsideration. *Id.*

On February 8, 2002, Plaintiff underwent a consultative examination by Dr. Rito B. Maningo at the request of the Disability Determination Services. (Tr. 17, 200-08). Upon examination, Dr.

1  Maningo observed that Plaintiff was capable of lifting and carrying twenty (20) pounds occasionally
2  and ten (10) pounds frequently. (Tr. 207). Dr. Maningo also noted that Plaintiff has the ability to stand
3  for at least two hours in an eight hour workday, and Plaintiff has the ability to sit for six hours or more
4  in an eight hour workday. *Id.* Dr. Maningo also noted that "standard breaks and lunch period [would]
5  provide sufficient relief" for a sit/stand option. *Id.*

6  On April 10, 2003, Plaintiff met with Dr. Peter Schluderman and complained of low back pain
7  and depression. (Tr. 19-20, 227-33). Upon examination, Dr. Schluderman agreed with Dr. Maningo's
8  evaluation that "claimant could be expected to stand and walk in an eight-hour day is (sic) two hours in
9  (sic) 25 minute increments, limited by her degenerative joint disease of the back." (Tr. 232). Dr.
10 Schluderman also noted that the "number of hours that the claimant could be expected to sit during and
11 eight-hour workday is eight hours with position changes every [twenty] 20 - [twenty five] 25 minutes
12 allowed." *Id.* Dr. Schluderman also agreed with Dr. Maningo's evaluation that Plaintiff could be
13 expected to lift twenty (20) pounds occasionally and ten (10) pounds frequently. (Tr. 232-33).

14 After the Disability Insurance Benefits were denied, Plaintiff requested a hearing before an
15 Administrative Law Judge ("ALJ"). Plaintiff appeared and testified at a hearing on September 23,
16 2004. *Id.* On November 24, 2004, ALJ Timothy C. Terrill concluded that Plaintiff was not disabled as
17 defined in the Social Security Act. (Tr. 22). Plaintiff appealed this decision on January 20, 2005. (Tr.
18 9). The Social Security Administration Appeals Council denied Plaintiff's request for review and the
19 instant action was commenced. (Tr. 5-7).

**DISCUSSION**

21 A federal court's review of an ALJ's decision is limited to determining only (1) whether the
22 ALJ's findings were supported by substantial evidence and (2) whether the ALJ applied the proper legal
23 standards. *Delorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991). The Court must look to the record as
24 a whole and consider adverse and supporting evidence. *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir.
25 1993). "Substantial evidence is defined as 'more than a scintilla but less than a preponderance.'"
26 *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (*quoting Matney v. Sullivan*, 981 F.2d 1016, 1018
27 (9th Cir. 1992)). Hence, where the evidence may be open to more than one rational interpretation, the
28 court is required to uphold the decision. *Moore v. Apfel*, 216 F.3d 864, 871 (9th Cir. 2000) (*quoting*

1  *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984)).

2  "Claims of disability are evaluated under a five-step sequential evaluation procedure. *See* 20
3  C.F.R. § 404.1520(a)-(f)." *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001).  The claimant
4  carries the burden with respect to steps one through four. *Tackett*, 180 F.3d at 1098.  If a claimant is
5  found to be disabled, or not disabled, at any point during the process, then no further assessment is
6  necessary. 20 C.F.R. § 404.1520(a).  Under the first step, the Secretary determines whether a claimant is
7  currently engaged in substantial gainful activity. *Id.* § 416.920(b).  If so, the claimant is not considered
8  disabled.  *Id*. § 404.1520(b).  Second, the Secretary determines whether the claimant's impairment is
9  severe.  *Id.* § 416.920(c).  Again, if the impairment is not severe, the claimant is not considered
10  disabled.  *Id*. § 404.152(c).  Third, the claimant's impairment is compared to the "List of Impairments"
11  found at 20 C.F.R. § 404, Subpt. P, App. 1.  The claimant will be found disabled if the claimant's
12  impairment meets or equals a listed impairment.  *Id*. § 404.1520(d).  If a listed impairment is not met or
13  equaled, the fourth inquiry is whether the claimant can perform past relevant work.  *Id*. § 416.920(e).  If
14  the claimant can engage in past relevant work, then no disability exists.  *Id*. § 404.1520(e).  If the
15  claimant cannot perform past relevant work, the Secretary has the burden to prove the fifth and final
16  step by demonstrating that the claimant is able to perform other kinds of work.  *Id*. § 404.1520(f).  If the
17  Secretary cannot meet his or her burden, the claimant is entitled to disability benefits.  *Id*. §
18  404.1520(a).

19  In this case there is no dispute as to Step One (1) through Step Three (3) of the sequential
20  evaluation.  This appeal is only limited to the issues at Step Four (4) of the sequential evaluation.  ALJ
21  Terrill determined at Step Four (4) that Plaintiff retains the residual functional capacity ("RFC") to
22  perform sedentary work with a sit/stand option. (Tr. 20).  The ALJ also determined that Plaintiff could
23  perform her past relevant work as an administrative assistant.  *Id.*  Plaintiff asserts that the ALJ erred at
24  Step Four (4).

25  As mentioned above, ALJ Terrill determined at Step Four (4) that Plaintiff retains the residual
26  functional capacity ("RFC") to perform sedentary work with a sit/stand option. (Tr. 20).  The ALJ
27  based his findings on the testimonies of Dr. Maningo, Dr. Schluderman, and Kay Hartgrave, a
28  vocational expert ("VE").  Dr. Maningo and Dr. Schluderman both agreed in their evaluations that

1  Plaintiff was capable of lifting and carrying twenty (20) pounds occasionally and ten (10) pounds
2  frequently.  Both doctors also noted that Plaintiff could stand for at least two hours in an eight hour
3  workday, and Plaintiff could sit for six hours or more in an eight hour workday.  VE Hartgrave testified
4  that Plaintiff could return to her past relevant work as an administrative assistant as previously
5  performed and as generally performed in the national economy.  *Id.*

6  However, Plaintiff asserts that the ALJ did not incorporate the opinion of Dr. Schluderman and
7  specify the frequency and the duration of time that the Plaintiff would be away from her workstation.
8  Plaintiff relies on Social Security Ruling ("SSR") 96-9p, which states in part that "the RFC assessment
9  must be specific as to the frequency of the individual's need to alternate sitting and standing."  SSR 96-
10 9p is applied at Step Five (5) of the sequential evaluation.  SSR 96-9p states in part that once it has been
11 determined that an individual cannot engage in "substantial gainful activity and has a 'severe' medically
12 determinable impairment, it must be determined whether the individual can do any other work."  *See*
13 SSR 96-9p.  Once the Plaintiff, who has the initial burden of proving inability to perform past relevant
14 work, shows that she cannot perform her past relevant work, the burden shifts to the SSA.  The burden
15 remained with the Plaintiff at all times.  The burden never shifted to the SSA because Plaintiff could
16 not prove that she could not perform her past relevant work, and therefore, ALJ Terrill determined at
17 Step Four (4) that Plaintiff could perform her past relevant work.  The Step Five (5) analysis did not
18 apply to this case.  *See Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996) (holding that the ALJ's
19 determination that claimant could perform his past relevant work "made it unnecessary for the ALJ to
20 proceed to the fifth step to determine whether he had the [RFC] to perform other work.").  Thus
21 Plaintiff cannot rely on SSR 96-9p.

22 **CONCLUSION**

23 The ALJ's findings were supported by substantial evidence and the proper legal standards were
24 applied.  Plaintiff did not present significant medical evidence that she was incapable of light duty work
25 or that her disability continued after April 26, 2001.

26 **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal of the
27 Commissioner's Decision (#9) be **DENIED** in conjunction with the ALJ's decision dated November
28 24, 2004.

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion for Affirmance of the Commissioner's Decision (#13) be **GRANTED.**

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 22nd day of February, 2007.

_____
**GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE**